UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA HARDIN,

      Petitioner,

v.                                     Case No. 4:18cv563-RH-HTC

SEC'Y, FLA. DEP'T OF CORR.,

      Respondent.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Joshua Hardin ("Petitioner" or "Hardin") is serving a 10-year sentence for violating the terms and conditions of his probation. He brings this action under 28 U.S.C. § 2254, raising four (4) claims challenging the constitutionality of the underlying conviction for which he received a sentence of imprisonment and probation. ECF Doc. 24. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

This Order and Report and Recommendation is the undersigned's second one dealing with these issues. On November 23, 2021, the Court entered an Order and Report and Recommendation reaching the same result. ECF Doc. 96. However, on November 24, 2021, the Court received what appears to be a second reply from Petitioner to the Respondent's response. ECF Doc. 98. In the second reply

Petitioner rehashes the same arguments made in the first reply and adds additional arguments relating to entrapment and predisposition.  ECF Doc. 98.  Although Petitioner did not seek leave to file an additional reply, particularly one out of time, because Petitioner is proceeding *pro se,* this is a habeas matter, and in the interest of judicial efficiency, the undersigned nonetheless determined it was appropriate to vacate the November 23, 2021 Order and Report and Recommendation and consider the arguments raised in the second reply.  ECF Doc. 102.  Having done so, the undersigned enters this Order and Report and Recommendation, once again recommending the second amended petition be DENIED without an evidentiary hearing.  The additional arguments raised do not alter the undersigned's prior analysis because, as discussed below, the entrapment claim is procedurally barred.

Also, the undersigned has reviewed Hardin's motions for "Court to Order Respondent's Counsel to release a copy of the letter written to the Court by Petitioner's father which is referred to in Trial Transcripts," ECF Doc. 94, and for the Court to supplement the record with Dr. Prichard's complete report, ECF Doc. 95, and finds they should be DENIED.

Finally, Petitioner filed a motion for an extension of time to object to the November 23, 2021 Order and Report and Recommendation. ECF Doc. 103. Since the November 23 Order and Report and Recommendation has been vacated, that

motion is moot.  As set forth below, Petitioner will have fourteen (14) days to file an objection to his Order and Report and Recommendation.

## I.    BACKGROUND

### A.    Underlying Conviction and Violation of Probation ("VOP")

On August 12, 2013, Hardin was arrested after leaving his apartment to meet an undercover officer whom Hardin believed to be a thirteen (13) year old child and with whom he had been communicating via email and text.  *See* Arrest Affidavit, ECF Doc. 67-1 at 8.  Based on this conduct, Hardin was charged with two counts: (1) Unlawful Use of a Computer Service, in which Hardin misrepresented his age, to seduce, solicit, lure or entice a minor child, or person believed to be a minor child, to commit an illegal sexual offense in violation of Fla. Stat. § 847.0135(3)(a) and (2) Unlawful Use of 2-Way Communication Device to facilitate or further the commission of the offense of transmission of material harmful to minors in violation of Fla. Stat. § 934.215.  *See* Am. Inf., ECF Doc. 67-1 at 12.

On October 29, 2014, a jury found Hardin guilty of both counts.  *See* Verdict, ECF Doc. 67-1 at 14.  At sentencing on the same day, the government dismissed Count II to avoid Double Jeopardy issues.  *See* Sent. Trans. ECF Doc. 67-1 at 19. The state court sentenced Hardin on Count I to five (5) years in prison followed by one year of community control and nine (9) years of probation.  *See* Judgment and Sentence, *Id.* at 46-54.  Hardin did not appeal the October 29, 2014 Judgment.

Hardin was released on January 28, 2018, after completing his term of incarceration. ECF Doc. 67-4 at 23. On April 23, 2018, Hardin was charged with violating his probation by viewing pornography on a cell phone and not being present at his registered living quarters when required. *Id.* On July 16, 2018, the circuit court accepted Hardin's plea admitting to those probation violations. ECF Doc. 67-4 at 28-41. On the same day, the court sentenced Hardin to ten (10) years' incarceration, with credit for the five (5) years already served.[1] 67-4 at 38. Hardin did not appeal the July 16, 2018 VOP Judgment.

### B.    Postconviction History

Although Hardin did not file a direct appeal of either the October 2014 Judgment or the July 2018 VOP Judgment, he filed a slew of unsuccessful *pro se* post-conviction motions and appeals, which are discussed below.

### 1.    Postconviction Motions Filed Before the July 2018 VOP Judgment

On August 20, 2015, Hardin submitted a letter to the state court concerning his sex offender probation status, which the court treated as a motion under Fla. R. Crim. P. 3.800(c) and denied on September 1, 2015. ECF Doc. 67-1 at 88; *see State v. Hardin*, 2013 CF 2601, Docket No. 129 (Escambia County Circuit Court).

---

[1] The court entered a written judgment on July 25, 2018, with the judgment applied *nunc pro tunc* to July 16, 2018. ECF Doc. ECF Doc. 67-4 at 46-54.

On November 30, 2015, Hardin filed a Fla. R. Crim. P. 3.850 motion raising

the following four (4) claims of ineffective assistance of trial counsel ("IATC"):

> (1)    Counsel was ineffective for failing to have Dr. Prichard (a
> psychologist who examined Petitioner prior to sentencing) testify
> regarding Hardin's mental health condition to obtain downward
> departure and failure to move for said downward departure (ECF Doc.
> 67-1 at 94-95);
>
> (2)    Counsel was ineffective for failing to argue entrapment defense
> at trial despite previously promising to do so (*id.* at 96-97);
>
> (3)    Counsel was ineffective for telling Hardin he would have to
> register as sex offender for fifty (50) years causing Hardin to
> involuntary reject State's plea offer (*id.* at 97); and
>
> (4)    Counsel was ineffective for failing to argue that Hardin did not
> solicit the child in his texts; failing to argue prosecutorial misconduct
> after prosecution in closing mentioned the sexually based treatment
> program Hardin attended as a juvenile and other juvenile history;
> failing to appoint conflict counsel after Hardin requested it; failing to
> move for a downward departure based on the mitigating factor of use
> of his cell phone to communicate with the undercover officer and the
> unsophisticated nature of the crime; and misadvising Hardin that he did
> not have any issues to appeal.

ECF Doc. 67-1 at 97-100.   On January 27, 2016, the circuit court dismissed the

motion without prejudice as facially insufficient and left the door open for Hardin to

file an amended motion within sixty (60) days.  ECF Doc. 67-1 at 103.

Instead of filing a timely amended motion, on March 7, 2016, Hardin filed a

petition for writ of habeas corpus seeking a belated appeal of the October 29, 2014

Judgment.[2]  Hardin, however, captioned that petition for the Second District Court of Appeal ("DCA") (rather than the First DCA, as it should have been).  *See* Dkt. No. 140, *State v. Hardin*, 2013 CF 2601 (Leon County Circuit Court, March 10, 2016).  On April 11, 2016, Hardin filed a "Petition for Belated Appeal", which was again mistakenly captioned for the Second DCA.  *Id.* at Dkt. 143.  On May 26, 2016, Hardin filed a Petition for Writ of Habeas Corpus Seeking Belated Appeal with the First DCA.  *See* ECF Doc. 67-1 at 130; First DCA, case 1D16-2511.  After sending the case back to the circuit court for factual findings (*id.* at 143)*,* the First DCA denied the petition, *per curiam* and without a written opinion on October 19, 2016. *See Hardin v. State*, 205 So. 3d 593 (Fla. Dist. Ct. App. 2016); ECF Doc. 67-2 at 5.

In the meantime, on May 10, 2016, back in the circuit court, Hardin filed a Motion to Correct Illegal Sentence, arguing his combined sentence exceeded the statutory maximum.  ECF Doc. 67-1 at 107.  On June 23, 2016, the circuit court denied the motion but ordered the clerk to correct a scrivener's error in the judgment. *Id.* at 111.

On October 17, 2016, Hardin finally filed an amended motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following issues:

---

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). The online docket, with PDFs of relevant documents, can be found by query at the following site: https://cvweb.leonclerk.com/public/online_services/search_courts/.

Ground One: IATC for failure to consult and inform defendant of the laws, facts or evidence surrounding his case.

Ground Two: Trial court error in allowing prosecutor to mention that Hardin had been placed in juvenile sexual based facility as a child and asking the jury to return a guilty verdict based in part on that fact.

Ground Three: Trial court error in allowing conviction even though Hardin was entrapped by the undercover officer.

Ground Four: IATC for failure to produce Hardin's criminal record and history to show no predisposition; failure to move for dismissal based on Hardin's conduct not meeting the severity of the statute; misadvice about having to register as sexual predator for 50 years caused Hardin to wrongly withdraw plea; failure to allow Hardin to testify; and misadvice causing Hardin to not file an appeal; failure to mount an entrapment defense; failure to call Dr. Prichard to testify for a downward departure; failure to call witnesses to testify as to where Hardin was headed when he left his apartment the day of his arrest.

Ground Five: Trial court error in denial of judgment of acquittal because State failed to prove any solicitation occurred.

ECF Doc. 67-2 at 16.  The circuit court, however, denied the motion on December 2, 2016, as a successive petition because it was not filed within the sixty (60) days the court had previously given him to file an amended 3.850 motion.  ECF Doc. 67-2 at 43.  Hardin appealed the court's order denying the motion on January 3, 2017. *Id.* at 50; *see* First DCA case 1D17-0079.  The First DCA affirmed *per curiam* and without written opinion*, id.* at 76 and issued the mandate on April 18, 2017.  *Id.* at 80.  The Florida Supreme Court denied review on May 16, 2017.  *Id.* at 85.

On October 31, 2016, Hardin filed a motion for mitigation of sentence, arguing his sex offender probation and costs-of-incarceration special conditions

should be removed because the state did not show that Hardin was predisposed to commit the crime. *Id.* at 87. The court denied the motion without written explanation on November 7, 2016. *Id.* at 95.

On November 21, 2016, Hardin filed a motion to correct illegal sentence under 3.800(a), arguing he did not meet the requirements for sex offender probation because he did not solicit a person he thought to be a child for sex and his judgment incorrectly stated he committed and pled to a third degree felony. *Id.* at 97. After denying Hardin's motion to amend, the circuit court denied the 3.800(a) motion on June 5, 2017. *Id.* at 106.

Hardin filed a federal petition for habeas relief on June 6, 2017. *See Hardin v. Secretary*, 4:17-cv-00281-MW-CAS. On September 20, 2018, the petition was dismissed with prejudice as untimely. *Id.* at ECF Doc. 42.

On June 23, 2017, Hardin filed a motion to reduce or modify sentence, arguing he was illegally sentenced to sex offender probation. ECF Doc. 67-2 at 114. The circuit court denied the motion on June 29, 2017, without written explanation. *Id.* at 116.

On August 23, 2017, Hardin filed another motion to correct illegal sentence, *id.* at 118, arguing (1) the trial court erred in denying his motion for judgment of acquittal based on the argument that no solicitation took place on the computer but instead on a cellphone; (2) his offense did not qualify for sex offender probation;

and (3) his combined sentence exceeded that for a third-degree felony. The circuit court denied the motion with a written opinion on September 7, 2017. *Id.* at 123.

On September 13, 2017, the circuit court directed Hardin to show cause why he should not be prohibited from future *pro se* filings as a sanction for numerous frivolous filings. *Id.* at 126. Hardin responded, ECF Doc. 67-3 at 40, and on September 28, 2017, the circuit court judge instructed the circuit court clerk to not accept any more *pro se* filings from Hardin. *Id.* at 43. Hardin appealed the circuit court's order on October 13, 2017, but subsequently dismissed the appeal. *See* First DCA case 1D17-4389.

On September 27, 2017—before receiving the above order, but after the show cause order—Hardin filed an "Emergency 'Petition for Writ of Habeas Corpus' on of [sic] Extraordinary Circumstances" in which he argued as follows:

> (1) police wrongfully interrogated a legally diagnosed mentally ill person;
> (2) police wrongfully read him his *Miranda* rights without contacting a mental health facility to see if he "clearly" understood his rights;
> (3) he was arrested and prosecuted for solicitation he was mentally incapable of committing; and
> (4) charge was fabricated or fraudulent because site was adult only and so state attorney falsely stated that Hardin believed he was soliciting a child and thus did a fraud on the court.

Although the circuit court docketed the emergency motion, no action was taken on it, and it was, instead, "RETURNED TO FILER". ECF Doc. 67-3 at 57. On November 7, 2017, Hardin filed the same document with the First DCA. *See* First

DCA case 1D17-4551.  The First DCA dismissed the case on January 26, 2018, citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004) ("a Florida prisoner may not use a state habeas petition to collaterally attack his conviction but instead must file a 3.850 motion").

2.  Postconviction Motions Filed After the July 2018 VOP Judgment

On March 16, 2018, while on probation, Hardin filed a motion to modify probation, ECF Doc. 67-3 at 92, which the court denied without explanation on March 19, 2018.  *Id.* at 97.

On October 3, 2018, Hardin filed a motion to withdraw his plea to the probation violations, arguing that his counsel had promised him six (6) months' incarceration and that Hardin was not at his approved address because of car trouble. ECF Doc. 67-4 at 59-60.  The circuit court denied the motion without explanation on October 4, 2018.  ECF Doc. 67-4 at 62.  Hardin appealed, but subsequently voluntarily dismissed the appeal.  *See id.* at 64, 73, 75; First DCA case 1D18-4400.

On November 12, 2018, Hardin filed a Motion to Clarify Sentence, challenging the manner in which the Florida Department of Corrections ("FDOC") was calculating the time that should be served for the probation violations.  ECF Doc. 67-4 at 77.  The circuit court denied the motion on November 16, 2018.  *Id.* at 81.  Hardin appealed, and the First DCA dismissed the appeal on February 15, 2019,

because Hardin failed to comply with an order of the court. *Id.* at 93; *see* First DCA case 1D18-5009.

On December 3, 2018, Hardin filed a "'Petition for Writ of Habeas Corpus' on Extraordinary Circumstances" in state circuit court raising the same issues as those raised in the September 27, 2017 emergency petition which was "Returned to Filer". ECF Doc. 67-4 at 95. The circuit court denied the petition without explanation on December 5, 2018. *Id.* at 102.

On December 27, 2018, Hardin filed a Motion for Postconviction Relief attacking the October 29, 2014 Judgment and raising the following four (4) claims:

> (1) Petitioner was only evaluated by only one mental health doctor/specialist;
>
> (2) Psych doctor didn't testify at trial but agreed that I had severe mental illness, was amendable to treatment and that prison was not what was best for me;
>
> (3) Petitioner suffers from severe mental illness in which he doesn't/can't appreciate the totality of this crime and/or understand it, and is amenable to treatment; and
>
> (4) Psych doctor not testifying at trial was prejudice/harmful to the outcome of trial and jury verdict. Due to seriousness of Petitioner's mental illness.

ECF Doc. 67-4 at 106. The circuit court dismissed the motion on January 14, 2019, with leave to amend within sixty (60) days. *Id.* at 112. The circuit court granted Hardin an extension through May 3, 2019, to file an amendment. *Id.* at 115.

On March 7, 2019, Hardin filed a motion for clarification of sentence on the violation of probation. Dkt. No. 403, *State v. Hardin*, 2013-CF-2601 (Leon County Circuit Court). On March 18, 2019, the circuit court marked the motion "No Action Required" and the online docket shows no action was taken by the circuit court. *See id*, Dkt. No. 406.

On April 1, 2019, Hardin filed a notice of appeal (ECF Doc. 67-4 at 116) to the First DCA seeking to have the First DCA compel the circuit court to proceed on his "Third Amended Motion for Post-Conviction Relief/Habeas Corpus" filed March 12, 2019 (ECF Doc. 67-4 at 122), which the circuit court had not considered because of the court's ban on *pro se* filings by Hardin. *See* First DCA case 1D19-1244. The First DCA dismissed the appeal without explanation on January 27, 2020, ECF Doc. 67-4 at 151, and issued the mandate on February 24, 2020, *id.* at 154. The First DCA also denied a motion to recall the mandate on March 24, 2020. *Id*. at 165.

On April 9, 2019, Hardin filed a Motion for Postconviction Relief and or Writ of Habeas Corpus, ECF Doc. 67-4 at 167, attacking the October 2014 Judgment and arguing counsel was ineffective in failing to object to the prosecutor, just moments before trial, vindictively amending the Petitioner's charging information exposing him to a greater sentence if convicted. He also argued counsel failed to properly advise him of the penalty he faced if he proceeded to trial. No response by the circuit court appears on the online docket. Hardin filed a notice of appeal on May 6, 2019,

challenging the circuit court's "denial/refusal to address" the motion.  ECF Doc. 67-5 at 6; First DCA case 1D19-1719.  The First DCA dismissed the appeal on July 19, 2019, for Hardin's failure to comply with a court order.  *Id*. at 27.

Meanwhile, on May 30, 2019, Hardin filed a 3.850 motion attacking the July 2018 VOP Judgment and making the same argument raised in the earlier October 3, 2018, motion to withdraw plea.  ECF Doc. 67-5 at 29.  No response by the circuit court appears on the online docket.  On June 17, 2019, Hardin filed a notice of appeal with the First DCA, challenging "the Decision to not review 3.850 concerning plea taken on 7-16-2018 ordered on Sept 28th 2017."  (September 28, 2017 is the date of the circuit court order prohibiting *pro se* filings by Hardin).  *See* First DCA case 1D19-2231.  The First DCA dismissed the appeal on August 27, 2019, for Hardin's failure to comply with a court order.  ECF Doc. 67-5 at 42.

On October 18, 2019, the circuit court returned to Hardin a 3.850 motion raising the following claims:

> (1) IATC re VOP failure to raise issue of communication issues between call center and probation officer;
>
> (2) IATC conflict of interest because VOP lawyer in same office as prior PD who was subject of then pending habeas petition;
>
> (3) IATC for VOP counsel to fail to move for competency hearing due to documented psychological history, IQ score of 71 as well as brain damage; and

(4) admission of hearsay and unfounded information at VOP hearing: anal penetration of 1 year old; sex with babysitter was actually abuse by babysitter; sexual acting out as a child.

ECF Doc. 67-5 at 50 (motion) and 56 (letter from clerk).  Hardin did not appeal the circuit court's refusal to review that 3.850 motion.

On February 18, 2020, Hardin wrote the circuit court asking for guidance as to his legal requirements upon release.  The circuit court judge marked the document "No Action Required" on February 20, 2020, and there is no record of any response by the circuit court.  *See* Online docket #453.  Hardin did not appeal the circuit court's failure to address the motion.

On July 16, 2020, Hardin filed a Belated Appeal of his July 2018 VOP Judgment, ECF Doc. 67-5 at 80, and the circuit court forwarded the filing to the First DCA, creating First DCA case number 1D20-2202.  *Id.* at 89.  The First DCA dismissed the appeal for failure to comply with court orders on September 16, 2020.

On December 9, 2020, Hardin filed a Petition for Writ of Habeas Corpus with the First DCA.  *See* First DCA case 1D20-3575.  The First DCA dismissed the petition on September 30, 2021 and entered an order for Hardin to show cause why he should not be barred from future pro se filings.  *Id.*  After Hardin responded, the First DCA, on November 30, 2021, entered an order barring Petitioner from filing any more pro se motions:

> because Appellant's repetitious, frivolous filings have become an abuse of the legal process, we hold that Appellant is barred from future pro se

filings related to the judgment and sentence in Leon County Circuit Court case number 2013-CF-2601 in this Court. The Clerk of the Court is directed not to accept any future filings concerning this case unless they are filed by a member in good standing of The Florida Bar.

Meanwhile, on May 21, 2021, Hardin had filed another Petition for Writ of Habeas Corpus with the First DCA. *See* First DCA case 1D21-1513. The First DCA dismissed the petition on August 30, 2021, citing *Moultrie v. State*, 310 So. 3d 533 (Fla. Dist. Ct. App. 2021) (petitioner could not seek relief on improper sentencing claims by petition for writ of habeas corpus). On October 5, 2021, the Florida Supreme Court denied review.

### C.    Hardin's Federal Petitions

On December 2, 2018, Hardin initiated the instant federal habeas proceeding raising two (2) claims for relief relating to the July 2018 VOP Judgment: (1) the additional punishment he faced after the violation of probation violated the Double Jeopardy clause; and (2) the FDOC was falsely imprisoning him by imposing additional punishment. ECF Doc. 1. On December 16, 2018, Hardin filed a first amended petition on the proper form raising the same claims. ECF Doc. 5.

On October 16, 2019, Hardin filed a second amended petition raising four claims, this time relating to the October 2014 Judgment rather than the July 2018 VOP violation itself: (1) he was incompetent to stand trial; (2) the arresting officer lied under oath at trial; (3) trial counsel was ineffective for failing to request a

competency hearing; and (4) he was subjectively and objectively entrapped by the undercover agent.[3]  *Id.*

Also, on June 7, 2021, Hardin filed a request for "all documents, evidence, transcripts" (particularly the October 29, 2014 trial transcript), as well as "testing done by Dr. Prichard while Petitioner was incarcerated in the Leon County jail". ECF Doc. 73.  The Court initially denied the motion, but on reconsideration, directed the Respondent to file a response identifying whether the requested documents exist and whether Respondent has objections to the request to supplement.  ECF Docs. 81.  According to the Respondent, only Dr. Prichard's report was filed in open court and, thus, is available; but no transcript of the trial was available because Hardin did not file a direct appeal of the October 2014 Judgment.  ECF Doc. 84.  The Court nonetheless ordered the Respondent to supplement the record with the report and the transcript, ECF Doc. 85, which Respondent did.  ECF Docs. 86, 87, 92-1.  However, as discussed more below, Dr. Prichard's report was missing a part of the last paragraph.  *See* ECF Doc. 67-6.[4]

On November 1, 2021, the clerk docketed two (2) additional motions filed by Hardin.  The first, ECF Doc. 94, is for the Court to supplement the record with a

---

[3] Although the undersigned recommended the petition be dismissed, ECF Doc. 45, because the claims raised were as to the October 2014 Judgment, and thus successive to the June 6, 2017, federal habeas petition, the District Judge did not adopt the recommendation; finding, instead, that that the instant petition was a new petition on the new July 2018 VOP Judgment.  ECF Doc. 50.
[4] It appears the Respondent had already filed a copy of the report under seal along with its answer and no other information from Dr. Prichard was made a part of the state court record.

letter written by his father, which is referred to on page 188, lines 15-20, of the Trial Transcript. The second, ECF Doc. 95, is for the Court to supplement the record with a complete copy of Dr. Prichard's report. Those motions are also addressed herein.

## II.    DISCUSSION

Ground One of the second amended petition, which is based on a substantive claim of competency, cannot be procedurally defaulted. However, Hardin is not entitled to an evidentiary hearing on that claim because there is no evidence in the record, much less "clear and convincing evidence", to create a "real, substantial, and legitimate doubt" as to his competence at the time of trial.

Grounds Two, Three and Four also do not entitle Hardin to an evidentiary hearing because they are procedurally defaulted. Despite filing dozens of postconviction motions and appeals in the state courts – so many, in fact, that the state circuit court and First DCA have entered orders prohibiting any further *pro se* filings – Hardin has not "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" on any of his four grounds for relief, either before or after the judgment for violating his probation. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

## A.    Incompetency Claim

In Ground One, Hardin argues he was incompetent to stand trial because he "suffer[s] from documented brain damage, 71% IQ, [and] intellectual disfunctioning disorder."[5]  ECF Doc. 24 at 9.  This is a substantive competency claim, which "is not subject to procedural default and must be considered on the merits."  *See e.g., Battle v. U.S.*, 419 F.2d 1292, 1298 (11th Cir. 2005).

The substantive test for competency is whether a defendant has, at the time of trial, "sufficient . . . ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him."  *Raheem v. GDCP Warden*, 995 F.3d 895, 929–30 (11th Cir. 2021), citing *Dusky v. United States*, 362 U.S. 402, 402 (1960).  A petitioner advancing a substantive competency claim "is entitled to no presumption of incompetency and must demonstrate his . . . incompetency by a preponderance of the evidence."  *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 481–82 (11th Cir. 2012) (citing *James v. Singletary*, 957 F.2d 1562, 1571 (11th

---

[5] In the "Relief Sought" section of the second amended petition, Hardin seeks "a competency hearing be conducted as to Petitioner['s] mental ability to actually commit crime in which he is charged." ECF Doc. 24 at 19.  To the extent Hardin is seeking relief on a claim of insanity at the time of the act, that claim fails for the same reasons as set forth herein *i.e.,* lack of clear and convincing evidence to raise a question about his sanity.  *See Horace v. Wainwright*, 781 F.2d 1558, 1565 (11th Cir. 1986) (claims of incompetency to stand trial, insanity at the time of the act, and unknowing and involuntary guilty plea are not subject to the procedural default rule); *see also,* Fla. Stat. § 775.027(1) (setting forth high standard for establishing insanity and stating that "mental infirmity, disease, or defect does not constitute a defense of insanity except as provided in this subsection").

Cir. 1992)).  To be entitled to an evidentiary hearing, a petitioner must present "clear and convincing evidence" that creates a "real, substantial, and legitimate doubt" as to his competence.  *Id.* (citing *James*, 957 F.2d at 1573 and *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995); *Card v. Singletary,* 981 F.2d 481, 484 (11th Cir. 1992) ("The standard of proof is high.  The facts must positively, unequivocally and clearly generate the legitimate doubt." (alterations and quotation marks omitted))). This is a high bar, and one Hardin cannot meet.

Hardin argues in his reply that his "mental illness is clearly documented within the court record".  ECF Doc. 77 at 10.  No such evidence, however, is in the record. To the contrary, the record in this case, including the October 29, 2014, trial transcript, October 29, 2014 sentencing transcript, and Dr. Prichard's report, casts no doubt on Hardin's competency to stand trial.

As stated above, the Court ordered the Respondent to supplement the record with Dr. Prichard's report.  Dr. Prichard was hired by the defense to provide mitigating factors for purposes of sentencing.  Hardin contends the report supports his claim of incompetency, but it does just the opposite.  Notably, Dr. Prichard specifically found Hardin "[has] the requisite capacity to understand and assist in the interest of resolving his case in court," and "suggested" Hardin is "**Competent to Proceed.**"  ECF Doc.  67-6 at 9 (emphasis in original).

Also, while noting Hardin's IQ of 71 places him "right on the cusp between borderline IQ and Mild Mental Retardation," Dr. Prichard opined that Hardin's "[m]emory capacities were intact.  He was oriented in all domains.  Attention and concentration capacities seemed fair."  ECF Doc. 67-6 at 4-5.  Dr. Prichard also noted that while Hardin "was functioning in the borderline intellectual range," the doctor was "surprised how thoughtful [Hardin] was on some occasions."  *Id.* at 5.  Also, while Hardin's "insight and judgment was poor", his "ability to abstract seemed fair and consistent with an intellectual level I judged to be in the borderline range prior to testing", "[s]peech productivity was within normal limits", "[t]hought productivity was within normal limits," and "[h]e is a verbal individual."  *Id.*  Thus, Dr. Prichard's assessment of Hardin's cognitive limitations does not provide sufficient cause to meet the high standard justifying an evidentiary hearing.

As explained by defense counsel, the essence of Dr. Prichard's report was that Hardin suffered from bipolar disorder, which when combined with his low IQ, physical handicap[6], and "problems of a sexual nature,"[7] make Hardin "vulnerable" in a prison environment.  ECF Doc. 77 at 104.  It was this vulnerability that defense used to argue for a sentence of something other than prison time.

---

[6] Hardin has a "bilateral hip dysplasia and scoliosis", is "very short in stature and walks with a limp".  Also, he "walks pigeon toed and without a fluid gate."  ECF Doc. 67-6 at 3.

[7] Hardin began doing sexual things with schoolmates when he was 8 or 9; had a sexual relationship with an older male babysitter when he was 8 or 9, and was accused as an adolescent of anally penetrating a 1 year old male cousin.  ECF Doc. 67-6 at 6.  Hardin sexualizes all relationships.  *Id.* at 9.

Dr. Prichard's report is far from constituting clear and convincing evidence of incompetency. *See, e.g., Medina*, 59 F.3d at 1107 ("neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial."); *Jones v. Peters*, 2021 WL 1845977, at *11 (S.D. Ala. Apr. 15, 2021), *report and recommendation adopted*, 2021 WL 1840757 (S.D. Ala. May 7, 2021) ("The only evidence offered by the Petitioner is his below average IQ score. Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.") (citing *Medina*, *supra*).

The transcripts and court filings are also devoid of any evidence to create a real substantial and legitimate doubt as to Hardin's competency. When Hardin filed the May 26, 2016, petition for belated appeal, the First DCA relinquished jurisdiction back to the circuit court for the appointment of a special master and to conduct an evidentiary hearing on whether Hardin had asked defense counsel to file an appeal. Hardin testified extensively at the September 20, 2016, evidentiary hearing. ECF Doc. 77 at 20-43. He was aptly and competently able to answer questions posed by the special master and those posed by the prosecutor on cross-examination. *Id.* Hardin was able to understand the questions posed to him, the issues involved, the history of his case, and was able to formulate articulate responses to questions posed to him. *Id.*

Hardin also spoke at length at sentencing and did so competently.  ECF Doc. 92-1 at 269.  He told the court the trial was an "eye opener", that he has never looked at the situation as he does now, and he now sees the "seriousness of what's going on." *Id.* at 270.  Hardin explained if he "could get some type of treatment, he would take it more seriously." *Id.*  He asked for help with his issues, explained he understood he has had chances, that it "falls back on [him] and [his] choices," and , like his dad, worries that something will happen to him in prison. *Id.*  Nothing in Hardin's interactions with the court raise any reason to doubt his competence. *See*, *e.g.*, Sentencing Trans., ECF Doc. 67-1 at 24 & 35-36; Hrg. on Belated App., ECF Doc. 67-1 at 147-57; Trans. of VOP Admission, ECF Doc. 67-4 at 32-33 & 38-39.

In sum, Hardin has not shown "clear and convincing evidence" of a "real, substantial, and legitimate doubt" as to his competence to stand trial. *Medina*, 59 F.3d at 1106; *see Lampkin v. Billups*, 2016 WL 703958, at *2 (N.D. Ala. Feb. 3. 2016) (overruling objection to report and recommendation dismissing substantive competency claim because "[o]ther than conclusory statements in his petition, stating, 'mentally incompetent to stand trial and to be sentenced' and 'Substantive Due Process right to not be tried while mentally incompetent,' [petitioner] does not make any factual allegations in this habeas petition about his competency at the time of his trial.  Therefore, as the magistrate judge concluded, [petitioner] has not made a substantive due process claim in this Court." (internal citations omitted)).

Related to Hardin's substantive competency claim are the two pending motions to supplement the record, ECF Doc. 94 and 95. The motion at ECF Doc. 94 seeks to expand the record to add a "letter written to the Court by Hardin's father which is referred to in Trial Transcripts . . . since such letter also speaks of Hardin's mental state as a child and such being stated by his adoptive father." ECF Doc. 94 at 1-2.

The prosecutor referenced the letter from Hardin's father to the court during sentencing to explain the many treatment facilities Hardin went to during his childhood for behavioral issues, namely for sexually abusive behavior. ECF Doc. 92-1 at 266-267. As the prosecutor explains, in the letter Hardin's father asks for a second chance for Hardin to go to a psychiatric ward rather than a prison because of what might happen to Hardin in prison. *Id.* The prosecutor wanted the judge to know about the letter because, while the State was also worried about how Hardin would do in prison, the State wanted the court to be aware Hardin has had a significant history of prior trouble for "sexually acting out", beginning at a very young age and going into adulthood, which might not be reflected in his criminal history. *Id.* Thus, if there were no treatment facilities available for Hardin then the State would ask for Hardin to incarcerated because he was a danger to the community. *Id.* at 267-269.

There is no indication the letter contains any facts or evidence about Hardin's competency to stand trial. Indeed, Hardin simply describes the letter as "speak[ing] of Petitioner's mental state as a child." ECF Doc. 94-1. Thus, the letter, even if obtained, would not constitute clear and convincing evidence justifying relief on Ground One.

The motion at ECF Doc. 95 requests the Court to order Respondent to obtain a complete copy of the report of Dr. Prichard's report from Dr. Prichard. When Hardin first raised the issue of Dr. Prichard's report missing a section of the last paragraph, ECF Doc. 88, the Court issued an order asking Respondent to investigate the issue, ECF Doc. 89. The Respondent filed a notice with the Court explaining his unsuccessful efforts in obtaining a complete report and further explaining that the report filed was the version available at trial. ECF Doc. 93 at 1-2 (quoting VOP Trans., ECF Doc. 67-4 at 37).

Despite the fact that a concluding sentence or two is missing from Dr. Prichard's report, the undersigned does not find it necessary for the Respondent to engage in additional efforts to find the complete report. It is clear from the portions of the report discussed herein that Dr. Prichard's report adds nothing to Hardin's ability to meet the substantive test for competency. Instead, it undermines Hardin's position. Moreover, given the reason defense counsel retained Dr. Prichard and the substance of the report, the undersigned cannot envision anything in the final

sentence(s) that could conceivably constitute clear and convincing evidence that Hardin is incompetent.  For these reasons, the motions to expand the record at ECF Doc. 94 and 95 are DENIED.

## B.    Procedural Default:  Grounds Two, Three and Four

The Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA") precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).   The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.  *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

In this context, procedural defaults generally arise in two ways: (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.  *Cortes v. Gladish*, 216 F. App'x 897, 899 (11th Cir. 2007).   "'A federal habeas court may consider a

procedurally barred claim only if (1) petitioner shows 'adequate cause and actual prejudice," or (2) if 'the failure to consider the claim would result in a fundamental miscarriage of justice.'" *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

1.    <u>Ground Two: Claim that arresting officer lied under oath</u>

In this Ground, Petitioner argues the arresting officer "lied under oath" by stating in the arrest report that Petitioner "agreed upon a time / place to meet the suppose[ed] child, while on the stand during trial this officer stated, 'I don't recall if he agreed upon a time and place to meet.'" Petition, ECF Doc. 1 at 11. The Secretary argues that Petitioner procedurally defaulted this claim because Petitioner admits in the petition that he did not raise this on direct appeal or in a Rule 3.850 motion or otherwise. Answer, ECF Doc. 67 at 36. A review of the petition and state court records confirms these admissions, ECF Doc. 24 at 11. Petitioner claimed in the petition, however, that this default should be excused because this ground involves "newly discovered evidence." *Id.* at 12. The Court disagrees.

Pursuant to 28 U.S.C. § 2254(e)(2), federal courts should not hold an evidentiary hearing on a claim whenever the applicant "failed to develop the factual basis of [the] claim in State court proceedings" unless the claim is based on "a factual predicate that could not have been previously discovered" with due diligence. 28 U.S.C. § 2254(e)(2)(A). The facts underlying the claim must also "be sufficient to

establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

Hardin meets neither standard. Hardin's arguments are based on information contained in the trial transcript and arrest report – neither of which are newly discovered evidence. There is no evidence in the record this information was unavailable to Hardin or could not have been made available through due diligence. Regardless, Hardin's argument is belied by the record.

First, Investigator Osborn's probable cause affidavit does not contain any statement regarding whether Hardin had agreed on a location and time to meet the child. ECF Doc. 67-1 at 8. Second, Investigator Osborn did not testify that he could not recall if Hardin agreed to a time or place to meet. ECF Doc. 92-1 at 112-24.

Instead, Investigator Osborn testified he told Hardin, "Hope it's cool I'm 13 and don't want to get in trouble", repeated that message several times, and gave other contextual clues as to his supposed underage status. *Id.* at 113, 119 & 120. Investigator Osborn testified they agreed he (the underage boy) would ride his bike to Hardin's location, and Hardin provided the officer with the address and room number for the motel where they were to meet. *Id.* at 120. Investigator Osbourn told Hardin he was nervous about going to the room and asked if Hardin would meet at a nearby location instead. *Id.* at 123. Investigator Osborn suggested the Dairy

Queen but Hardin "indicated he wasn't familiar with the area and asked about the Walgreens. We agreed to meet at the Walgreens." *Id.* at 123-24. Investigator Osbourn told Hardin he was "on the way and ask[ed] what he's wearing." *Id.* at 124. Hardin responded, "he's on the way and has on a red shirt." *Id.*

Thus, Hardin's claim that the officer contradicted himself or was unsure whether the two agreed to a time and location to meet is flatly contradicted by the trial transcript, and Hardin cannot "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense". Ground Two is, therefore, procedurally defaulted and this default is not excused due to newly discovered evidence.

        2.    <u>Ground Three: IATC Regarding Plea Offer and Sex Offender Registration Requirements and Failure to Seek Competency Hearing</u>

In his second amended petition, Hardin states without further explanation, "counsel misadvised Petitioner of s.o. registration [sic] which resulted in Petitioner withdrawing Plea. (see court record)." ECF Doc. 24 at 13. Hardin also argues trial counsel failed to request a competency hearing after the court showed he had an IQ of 71. Hardin, arguably, raised similar arguments in the November 30, 2015, Rule

3.850 motion. ECF Doc. 67-1 at 97. Even so, Hardin has not exhausted these claims.[8]

As stated above, on January 27, 2016, the circuit court dismissed the November 30, 2015 motion as facially insufficient, without prejudice to Hardin filing an amended motion within sixty (60) days. ECF Doc. 67-1 at 103. Hardin, however, did not file a timely amended motion. Instead, he filed an untimely amended motion in October 2016, which the circuit court denied on December 2, 2016 as an untimely amended motion or an impermissible successive motion. ECF Doc. 67-2 at 43. Regardless, the October 2016 amended motion did not include these grounds for relief. *See* Am. Motion for Postconviction Relief, ECF Doc. 67-2 at 16. Even if it had, the circuit court denied the motion based on an independent and adequate state procedural bar precluding federal habeas relief; namely, that the trial court has the discretion to deny an untimely amended postconviction motion. *Shumaker v. Sec'y, Fla. Dep't of Corr.*, Case No. 3:17cv546-RV/MJF, 2019 WL 7878915, at *11-14 (N.D. Fla. Dec. 4, 2019) (recognizing that the rule from *Ivory v. State*[9] -- that a Florida trial court had the discretion to deny an amended postconviction motion filed beyond the 60 days as untimely -- was an independent

---

[8] Unlike a substantive competency claim, a claim based on counsel's failure to raise a competency argument is procedural and can be defaulted. *Johnston v. Singletary*, 162 F.3d 630, 634–35 (11th Cir. 1998) ("Johnston's claim of ineffective assistance of counsel for failure to raise competency immediately before and during the course of the trial is procedurally barred.").

[9] 159 So. 3d 197 (Fla. Dist. Ct. App. 2015)

and adequate state procedural bar precluding federal habeas relief).  Thus, Ground

Three is procedurally defaulted.

> 3.    Ground Four: Entrapment by Arresting Officer

In this Ground, entitled "Subjective/Objective entrapment" Hardin claims he

"was threatened by officer Paul Osborn via text message 'I'm not showing up if

you['re] going to be phoney'" and "Petitioner never agreed, stated and or expressed

any interest in engaging in any sexual act / stated he wished to hang out or watch a

movie.  Law enforcement spoke of sexual topic stating 'What do you know how to

do sexually?'"  ECF Doc.  24 at 15.

Under Florida law, claims of entrapment must be raised on direct appeal.  *See*

*Wilkins v. Fla. Dep't of Corr. Sec'y,* No. 5:16C94/WTH/CJK, 2017 WL 9487095, at

*7 (N.D. Fla. Nov. 13, 2017), *report and recommendation adopted,*2018 WL

2465271 (N.D. Fla. June 1, 2018) (claim that Petitioner was entrapped because the

State effectively "created a crime by posting the original advertisement on

Craigslist" procedurally barred because it was not brought on direct appeal in state

court).  Hardin, however, did not file a direct appeal of the October 2014 Judgment

and the state circuit and appellate courts rejected Hardin's attempts to file a belated

appeal.  Therefore, this claim is procedurally defaulted.  *See Wilkins*, *supra,* at *7

("Petitioner did not exhaust this claim through direct review, because he did not file

a direct appeal and was unsuccessful in obtaining a belated direct appeal.").  He also

does not argue for any exception to excuse his procedural default such as cause and prejudice, manifest injustice or actual innocence.  Accordingly, he has procedurally defaulted this issue and is not entitled to federal habeas review.

## III.    CONCLUSION

### A.    Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Additionally, this Court must take into account the deferential standards prescribed by § 2254.  *See id.*  Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing.  *See id*.

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.    Petitioner's Motion for Court Order to Release State's Record, ECF Doc. 94, is DENIED.

2.    Petitioner's Motion for Court Order for Respondent to Obtain Original Document, ECF Doc. 95, is DENIED.

3.    Petitioner's Motion to Extend Time (ECF Doc. 103) is MOOT.

Additionally, it is respectfully RECOMMENDED that:

1.     The second amended petition, ECF Doc. 24, be DENIED without an

evidentiary hearing;

2.     A certificate of appealability be DENIED; and

3.     The clerk be directed to close the case.

Done at Pensacola, Florida this 10th day of February, 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.